UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Alfonso GUEVARA,<br><br>                                    Plaintiff,<br><br>v.<br><br>AMN SERVICES, LLC, et al.,<br><br>                                    Defendants. | Case No.:  3:25-cv-2406-AGS-BJW<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY LITIGATION (ECF 9)** |

On April 22, 2026, the Court held a hearing. For the reasons stated on the record, the motion to compel arbitration and stay litigation (ECF 9) is **GRANTED**, with the agreement severed as depicted in Addendum A. The parties are directed to file a joint status update by October 1, 2026, and, as long as arbitration proceedings have not concluded, every three months thereafter.

In his briefing, Plaintiff also challenges a confidentiality agreement. (*See* ECF 11, at 25–29.) He asserts that the agreement's "restraint on [p]laintiff's ability to pursue future employment . . . is illegal and substantively unconscionable." (*Id*. at 29.) But "the sole issue to be considered here is whether the arbitration agreement itself is enforceable." *Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1130 (C.D. Cal. 2006). Because the confidentiality agreement is a "*a separate provision*," *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 479 (9th Cir. 2024) (emphasis in original), "this argument has no bearing on the issue of substantive unconscionability of the [arbitration agreement]," *Rori Floyd v. Team Companies, LLC, et al.*, No. 2:25-cv-02281-AB-JPR, 2025 WL 4233937, at *7 (C.D. Cal. July 7, 2025). So, any challenge to the confidentiality agreement should be raised in front of the arbitrator.

Dated:  April 22, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

## <u>ADDENDUM A</u>

### Arbitration Agreement

AMN Healthcare, Inc. ("AMN"), for and on behalf of and for the benefit of itself or the direct or indirect subsidiary or affiliate that will employ Employee (the entity employing Employee, whether AMN or a direct or indirect subsidiary or affiliate of AMN, the "Company") and I mutually consent to the resolution by arbitration, under the applicable rules of JAMS of all claims (common law or statutory) that the Company might have against me, or that I may have against the Company, ~~its affiliated companies, the directors, employees or agents of any such company, and all successors and assigns of any of them, including but not limited to all claims~~ relating in any way to my employment by the Company, or any past or future employment of me by the Company.  The Company and I waive the right to have a court or jury trial on any arbitral claim. **I UNDERSTAND I AM WAIVING THE RIGHT TO INITIATE, PARTICIPATE IN, OR RECOVER THROUGH, ANY CLASS OR COLLECTIVE ACTION.**

The Federal Arbitration Act (FAA) shall govern this Arbitration Agreement, or if for any reason the FAA does not apply, the arbitration law of the state in which I rendered services to the Company shall govern this Arbitration Agreement.

Notwithstanding any provision of the JAMS Rules, arbitration shall occur on an individual basis only, and a court of competent jurisdiction (and not an arbitrator) shall resolve any dispute about the formation, validity, or enforceability of any provision of this Arbitration Agreement.  I waive the right to initiate, participate in, or recover through, any class or collective action.

To the extent I initiate an arbitration, I understand I may be required to pay an initial JAMS Case Management Fee, but this fee shall not exceed the cost of filing a lawsuit in court.  To the maximum extent permitted by law, the arbitrator shall award the prevailing party its costs and reasonable attorney's fees; provided, however, that the arbitrator at all times shall apply the law for the shifting of costs and fees that a court would apply to the claim(s) asserted.

Nothing in this Arbitration Agreement prevents me from filing or recovering pursuant to a complaint, charge, or other communication with any federal, state or local governmental or law enforcement agency, and nothing in this Arbitration Agreement requires arbitration of any claim that under the law (after application of Federal Arbitration Act preemption principles) cannot be made subject to a predispute agreement to arbitrate claims. Nor does anything in this agreement preclude either party from obtaining temporary equitable relief from a court in aid of arbitration where such relief is otherwise available by law.

This Arbitration Agreement shall remain in effect notwithstanding the termination of my employment with the Company.

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS ARBITRATION AGREEMENT, THAT I UNDERSTAND ITS TERMS, AND THAT I HAVE ENTERED INTO THIS ARBITRATION AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.

I agree to the terms of this Arbitration Agreement: